Patrick L. KING; Cathy S. King, Plaintiffs–Appellants,

v.

State of MISSISSIPPI; Copiah County; City of Hazlehurst; RIAA; James Duff Investigations, L.L.C.; Channel 12 WJTV; Fox 40; Channel 3 WLBT; Gannett River States Publishing Corporation, Defendants–Appellees.

No. 15–60079
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

April 22, 2016.

Patrick L. King, Hazlehurst, MS, pro se.

Cathy S. King, Hazlehurst, MS, pro se.

Harold Edward Pizzetta, III, Esq., Office of the Attorney General, Gary Erwin Friedman, Esq, Jason Thomas Marsh, Esq., Phelps Dunbar, L.L.P., Leonard D. Van Slyke, Jr., Esq., Brunini, Grantham, Grower & Hewes, P.L.L.C., Jackson, MS, Lawrence Matthew Quinlivan, Esq., Deutsch, Kerrigan & Stiles, L.L.P., Gulfport, Ms, Shea Stewart Scott, Daniel, Coker, Horton & Bell, P.A., Oxford, MS, Gregg Darrow Thomas, Esq., Mark Caramanica, Esq., Thomas & Locicero, Tampa, FL, Donna Brown Jacobs, Esq., Luther T. Munford, Butler Snow, L.L.P., Ridgeland, MS, for Defendants–Appellees.

Before CLEMENT, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM: *

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Patrick L. King and his wife, Cathy S. King, move to proceed in forma pauperis (IFP) to appeal the dismissal of their complaint filed in 2014, in which they asserted numerous claims against the various defendants. The allegations in the complaint arose out of Patrick King's arrest and subsequent guilty plea in state court to multiple felony counts of selling recordings without displaying required information. The district court granted each defendant's motion to dismiss because either the district court was without subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) or the Kings failed to state a claim upon which relief could be granted under Federal Rule of Civil Procedure 12(b)(6). The district court denied the Kings permission to proceed IFP on appeal.

We review dismissals pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6) de novo. *Raj v. La. State Univ.*, 714 F.3d 322, 327 (5th Cir.2013) (involving a dismissal pursuant to Rule 12(b)(1)); *Atchafalaya Basinkeeper v. Chustz*, 682 F.3d 356, 357 (5th Cir.2012) (involving a dismissal pursuant to Rule 12(b)(6)). We may dismiss the appeal if it is frivolous. *Howard v. King*, 707 F.2d 215, 220 (5th Cir.1983); 5th Cir. R. 42.2.

On appeal, the Kings challenge the district court's determination that Patrick King's attack on the constitutionality of his convictions and sentences are barred by *Heck v. Humphrey*, 512 U.S. 477, 484, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Because Patrick has not made the showing required by *Heck*, he has not shown that his attack presents a nonfrivolous appellate issue. *See Howard*, 707 F.2d at 220.

Next, the Kings challenge the district court's rejection of their defamation claims against WJTV, WLBT, Fox 40, and the Clarion–Ledger. Because the Kings have not shown that the district court erred in determining that their defamation claims were time barred under state law, they have failed to establish that their defamation claims present a nonfrivolous appellate issue. *See Howard*, 707 F.2d at 220; *see* Miss.Code Ann. § 15–1–35 (2003).

The Kings also dispute the district court's determination that Attorney General Jim Hood could not be added as a defendant. Because the Kings provide only conclusory arguments that the district court erred, they have abandoned any challenge to the district court's decision. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir.1993).

In their remaining claims, the Kings fail to meaningfully address the district court's reasons for dismissing their complaint and denying them IFP status. Consequently, they have not shown that they will raise any nonfrivolous appellate arguments regarding these issues. *See Howard*, 707 F.2d at 220; *see also Yohey*, 985 F.2d at 224–25.

Because the Kings have failed to show that their appeal involves any arguably meritorious issue, *see Howard*, 707 F.2d at 220, their motions for leave to proceed IFP on appeal, for sanctions against the defendants, and for the issuance of a subpoena to the court reporter are DENIED. The appeal is DISMISSED as frivolous. *See Howard*, 707 F.2d at 220; 5th Cir. R. 42.2.